IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **BAYRON ADONAY GARCIA HERNANDEZ,** | § § § | |
| Petitioner, | § § | |
| v. | § § | CAUSE NO. EP-26-CV-318-KC |
| **MARY DE ANDA-YBARRA et al.,** | § § § | |
| Respondents. | § | |

## SHOW CAUSE ORDER & PREVENTING PETITIONER'S REMOVAL FROM THE COUNTRY & DISTRICT

On this day, the Court considered Bayron Adonay Garcia Hernandez's Petition for a Writ of Habeas Corpus, ECF No. 1.  Garcia Hernandez is detained at the ERO Camp East Montana facility in El Paso, Texas.  *Id.* ¶ 3.  He argues that his detention is unlawful and asks the Court to order his release or a bond hearing.  *Id.* ¶¶ 71–122.  He also asks that Respondents be prevented from moving him out of the District.  *Id.* at 31.

Garcia Hernandez entered the United States in 2024, and upon entry, Immigration and Customs Enforcement ("ICE") apprehended Garcia Hernandez and released him under conditions of supervision.  *Id.* ¶¶ 58–60.  ICE detained Garcia Hernandez again on January 29, 2026, in Minnesota.  *Id.* ¶¶ 61, 65.  As alleged, his case appears materially indistinguishable from several others in which this Court has found a procedural due process violation.  *See, e.g.*, *Lopez-Arevelo v. Ripa*, No. 25-cv-337-KC, 2025 WL 2691828, at *1–13 (W.D. Tex. Sept. 22, 2025).  Of course, Respondents are nevertheless permitted to state their position before a ruling.  In doing so, Respondents are encouraged to avoid boilerplate arguments that this Court has already rejected.  Absent new authority, they may assume that the Court's position on the law

has not changed and explain whether the facts of Garcia Hernandez's case warrant a different outcome.

Accordingly, Respondents are **ORDERED** to **SHOW CAUSE** by <u>**no later than February 11, 2026**</u>, why the application for a writ of habeas corpus should not be granted.  *See Lopez-Arevelo v. Ripa*, No. 3:25-cv-337-KC, 2025 WL 3254930, at *2 & n.1 (W.D. Tex. Aug. 26, 2025).  The Court will set this matter for a hearing and order additional briefing deadlines, if necessary, upon review of the show cause response.

**IT IS FURTHER ORDERED**, under the Court's inherent authority to preserve and assess its own jurisdiction, that Respondents **SHALL NOT** (1) remove or deport Garcia Hernandez from the United States, or (2) transfer Garcia Hernandez to any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed.  *See Alves v. U.S. Dep't of Just.*, No. 3-25-cv-306-KC, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025).

**IT IS FURTHER ORDERED** that to the extent Respondents have not been served, the Clerk of the Court shall **SERVE** copies of the Petition and this Order upon Respondents through their counsel.  *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] . . . .").

**SO ORDERED**.

**SIGNED** this 4th day of February, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE